J-S36015-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: D.E.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: E.A., MOTHER | : | No. 1647 WDA 2014 |

Appeal from the PCRA Order entered August 4, 2014
in the Court of Common Pleas of Westmoreland County,
Orphans' Court, at No(s): 151 of 2013-D

BEFORE:    PANELLA, JENKINS, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:FILED:August 26, 2015

Because Mother was not permitted to take care of Child's daily needs, as she was only granted supervised visitation, and because she did attend her scheduled visits with Child, I cannot agree that the record provides clear and convincing evidence that she refused or failed to perform parental duties, as is required for termination under subsection 2511(a)(1). ***See***, ***e.g.***, ***In re I.J.***, 972 A.2d 5, 10 (Pa. Super. 2009) (agreeing evidence was insufficient under subsection (a)(1) where the parents attended their scheduled visitation sessions).

However, I agree that the Agency met its burden under subsection 2511(a)(8), which requires proof of the following three things: (1) the child has been in placement for a year or more, "[(2)] the conditions which led to the removal or placement of the child continue to exist and [(3)] termination of parental rights would best serve the needs and welfare of the child."  23 Pa.C.S. § 2511(a)(8).

*Retired Senior Judge assigned to the Superior Court.

Here, the Agency offered clear and convincing proof that Mother has failed to remedy the drug-related conditions that led to Child's placement, after she was given more than a year of time and assistance to do so. ***See*** Majority Memorandum at 2-3 (discussing Mother's lack of compliance and progress with FSP goals). The evidence also established that terminating Mother's parental rights serves Child's best interests. ***See id.*** at 11-13 (detailing the testimony of psychologist Carol Hughes and caseworker Susan Storer). Further, as the Majority properly holds, the Agency met its burden under subsection 2511(b). ***See id.***

Therefore, I would affirm the termination of Mother's rights under subsections (a)(8) and (b).

Judge Jenkins joins this concurring memorandum.